MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
JULIAN ANTONIO LANTIGUA CABA,
*individually and on behalf of others similarly*
*situated,*

                                   *Plaintiff,*

          -against-

ELEGANT LINEN OF NY INC (D/B/A
BARGAIN STORE), HAISAM I. ABADI, and
ASHI DOE,

                                   *Defendants.*
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Julian  Antonio Lantigua Caba ("Plaintiff Lantigua" or "Mr. Lantigua"),

individually and on behalf of others similarly situated, by and through his attorneys, Michael

Faillace & Associates, P.C., upon his knowledge and belief, and as against ELEGANT LINEN OF

NY INC (d/b/a Bargain Store), ("Defendant Corporation"), Haisam I. Abadi and  Ashi Doe,

("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.       Plaintiff Lantigua is a former employee of Defendants ELEGANT LINEN OF NY

INC (d/b/a Bargain Store), Haisam I. Abadi, and Ashi Doe.

2.        Defendants own, operate, or control a department store, located at 1227 Saint

Nicholas Ave, New York 10032 under the name "Bargain Store".

3.    Upon information and belief, individual Defendants Haisam I. Abadi and Ashi Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the department store as a joint or unified enterprise.

4.    Plaintiff Lantigua was employed as a stock worker at the department store located at 1227 Saint Nicholas Ave, New York 10032.

5.    At all times relevant to this Complaint, Plaintiff Lantigua worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6.    Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Lantigua appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Defendants' conduct extended beyond Plaintiff Lantigua to all other similarly situated employees.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Lantigua and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9.    Plaintiff Lantigua now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10.    Plaintiff Lantigua seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Lantigua's state law claims under 28 U.S.C. § 1367(a).

12.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a department store located in this district. Further, Plaintiff Lantigua was employed by Defendants in this district.

## PARTIES

*Plaintiff*

13.    Plaintiff Julian Antonio Lantigua Caba ("Plaintiff Lantigua" or "Mr. Lantigua") is an adult individual residing in Bronx County, New York.

14.    Plaintiff Lantigua was employed by Defendants at Bargain Store from approximately April 2017 until on or about July 1, 2019.

15.    Plaintiff Lantigua consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16.     At all relevant times, Defendants owned, operated, or controlled a department store, located at 1227 Saint Nicholas Ave, New York 10032 under the name "Bargain Store".

17.     Upon information and belief, ELEGANT LINEN OF NY INC (d/b/a Bargain Store) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1227 Saint Nicholas Ave, New York 10032.

18.     Defendant Haisam I. Abadi is an individual engaging in business in this judicial district during the relevant time period. Defendant Haisam I. Abadi is sued individually and in his capacity as, on information and belief, an owner, officer and/or agent of the Defendant Corporation. Defendant Haisam I. Abadi possesses or possessed operational control over the Defendant Corporation, possesses or possessed an ownership interest in the Defendant Corporation, and controls or controlled significant functions of the Defendant Corporation. He determined the wages and compensation of the Defendants' employees, including Plaintiff Lantigua, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

19.     Defendant Ashi Doe is an individual engaging in business in this judicial district during the relevant time period. Defendant Ashi Doe is sued individually and in his capacity as, on information and belief, an owner, officer and/or agent of the Defendant Corporation.  Defendant Ashi Doe possesses or possessed operational control over the Defendant Corporation, possesses or possessed an ownership interest in the Defendant Corporation, and controls or controlled significant functions of the Defendant Corporation. He determined the wages and compensation of the Defendants' employees, including Plaintiff Lantigua , established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

20.    Defendants operate a discount department store located in the Washington Heights section of Manhattan in New York City.

21.    Individual Defendants, Haisam I. Abadi and Ashi Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

22.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23.    Each Defendant possessed substantial control over Plaintiff Lantigua's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Lantigua, and all similarly situated individuals, referred to herein.

24.    Defendants jointly employed Plaintiff Lantigua (and all similarly situated employees) and are Plaintiff Lantigua's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

25.    In the alternative, Defendants constitute a single employer of Plaintiff Lantigua and/or similarly situated individuals.

26.    Upon information and belief, Individual Defendants Haisam I. Abadi and Ashi Doe operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

      a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant

Corporation, by, amongst other things, failing to hold annual meetings or

maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for their own benefit as the sole or majority

shareholders,

e) operating Defendant Corporation for their own benefit and maintaining control

over this corporation as a closed Corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full

liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

27.     At all relevant times, Defendants were Plaintiff Lantigua's employers within the

meaning of the FLSA and New York Labor Law.

28.     Defendants had the power to hire and fire Plaintiff Lantigua, controlled the terms and

conditions of employment, and determined the rate and method of any compensation in exchange

for Plaintiff Lantigua's services.

29.     In each year from 2017 to 2019, Defendants, both separately and jointly, had a gross

annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are

separately stated).

30.     In addition, upon information and belief, Defendants and/or their enterprise were

directly engaged in interstate commerce. As an example, numerous items that were used in the

department store on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31.    Plaintiff Lantigua is a former employee of Defendants who was employed as a stock worker.

32.    Plaintiff Lantigua seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Julian Antonio Lantigua Caba*

33.    Plaintiff Lantigua was employed by Defendants from approximately April 2017 until on or about July 1, 2019.

34.    Defendants employed Plaintiff Lantigua as a stock worker.

35.    Plaintiff Lantigua regularly handled goods in interstate commerce, such as towels and pillows produced outside the State of New York.

36.    Plaintiff Lantigua's work duties required neither discretion nor independent judgment.

37.    Throughout his employment with Defendants, Plaintiff Lantigua regularly worked in excess of 40 hours per week.

38.    From approximately April 2017 until on or about November 2018, Plaintiff Lantigua worked from approximately 9:30 a.m. until on or about 7:30 p.m., 2 days per week, from approximately 9:30 a.m. until on or about 8:30 p.m., 3 days a week, from approximately 9:30 a.m. until on or about 9:30 p.m., 1 day a week, 2 weeks per month, and from approximately 9:30 a.m. until on or about 9:30 p.m. 1 extra day, 2 weeks per month (typically 65 to 77 hours per week).

39.    From approximately November 2018 until on or about July 2019, Plaintiff Lantigua worked from approximately 9:30 a.m. until on or about 7:30 p.m., 2 days a week, from

approximately 9:30 a.m. until on or about 8:30 p.m., 3 days a week, and from approximately 9:30

a.m. until on or about 9:30 p.m., 2 days a week (typically 77 hours per week).

40.     Throughout his employment, Defendants paid Plaintiff Lantigua his wages in cash.

41.     From approximately April 2017 until on or about November 2018, Defendants paid

Plaintiff Lantigua a fixed salary of $450 per week for 6 days worked (2 weeks per month) and $525

per week for 7 days worked (2 weeks per month).

42.     From approximately November 2018 until on or about July 1, 2019, Defendants paid

Plaintiff Lantigua a fixed salary of $525 per week.

43.     Plaintiff Lantigua's pay did not vary even when he was required to stay later or work

a longer day than his usual schedule.

44.     For example, Defendants required Plaintiff Lantigua to work an additional 1 hour to

2 hours past his scheduled departure time every day since November 2018, and did not pay him for

the additional time he worked.

45.     Defendants never granted Plaintiff Lantigua any breaks or meal periods of any kind.

46.     Plaintiff Lantigua was not required to keep track of his time, nor to his knowledge,

did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his

actual hours worked.

47.     No notification, either in the form of posted notices or other means, was ever given

to Plaintiff Lantigua regarding overtime and wages under the FLSA and NYLL.

48.     Defendants did not provide Plaintiff Lantigua an accurate statement of wages, as

required by NYLL 195(3).

49.    Defendants did not give any notice to Plaintiff Lantigua, in English and in Spanish (Plaintiff Lantigua's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

50.    Defendants required Plaintiff Lantigua to purchase "tools of the trade" with his own funds—including two pair of gloves per month.

*Defendants' General Employment Practices*

51.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Lantigua (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

52.    Plaintiff Lantigua was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

53.    Defendants' pay practices resulted in Plaintiff Lantigua not receiving payment for all his hours worked, and resulted in Plaintiff Lantigua's effective rate of pay falling below the required minimum wage rate.

54.    Defendants habitually required Plaintiff Lantigua to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

55.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

56.    Defendants paid Plaintiff Lantigua his wages in cash.

57.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

58.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Lantigua (and similarly situated individuals) worked, and to avoid paying Plaintiff Lantigua properly for his full hours worked.

59.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

60.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Lantigua and other similarly situated former workers.

61.     Defendants failed to provide Plaintiff  Lantigua and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

62.     Defendants failed to provide Plaintiff Lantigua and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by

the employer; the name of the employer; any "doing business as" names used by the employer; the

physical address of the employer's main office or principal place of business, and a mailing address

if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

63.     Plaintiff Lantigua brings his FLSA minimum wage, overtime compensation, and

liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b),

on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or

were employed by Defendants or any of them, on or after the date that is three years before the filing

of the complaint in this case (the "FLSA Class Period").

64.     At all relevant times, Plaintiff Lantigua and other members of the FLSA Class were

similarly situated in that they had substantially similar job requirements and pay provisions, and

have been subject to Defendants' common practices, policies, programs, procedures, protocols and

plans including willfully failing and refusing to pay them the required minimum wage, overtime pay

at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under

the FLSA, and willfully failing to keep records under the FLSA.

65.     The claims of Plaintiff Lantigua stated herein are similar to those of the other

employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

66.     Plaintiff Lantigua repeats and realleges all paragraphs above as though fully set forth

herein.

67.     At all times relevant to this action, Defendants were Plaintiff Lantigua's employers

within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power

to hire and fire Plaintiff Lantigua (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

68.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

69.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

70.     Defendants failed to pay Plaintiff Lantigua (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

71.     Defendants' failure to pay Plaintiff Lantigua (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

72.     Plaintiff Lantigua (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

73.     Plaintiff Lantigua repeats and realleges all paragraphs above as though fully set forth herein.

74.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Lantigua (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

75.     Defendants' failure to pay Plaintiff Lantigua (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

76.     Plaintiff Lantigua (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

77.     Plaintiff Lantigua repeats and realleges all paragraphs above as though fully set forth herein.

78.     At all times relevant to this action, Defendants were Plaintiff Lantigua's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Lantigua, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

79.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Lantigua less than the minimum wage.

80.     Defendants' failure to pay Plaintiff Lantigua the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

81.     Plaintiff Lantigua was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

82.     Plaintiff Lantigua repeats and realleges all paragraphs above as though fully set forth herein.

83.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Lantigua  overtime compensation

at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

84.     Defendants' failure to pay Plaintiff Lantigua overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

85.     Plaintiff Lantigua was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

86.     Plaintiff Lantigua repeats and realleges all paragraphs above as though fully set forth herein.

87.     Defendants failed to provide Plaintiff Lantigua with a written notice, in English and in Spanish (Plaintiff Lantigua's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

88.     Defendants are liable to Plaintiff Lantigua in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

89.     Plaintiff Lantigua repeats and realleges all paragraphs above as though fully set forth herein.

90.     With each payment of wages, Defendants failed to provide Plaintiff Lantigua with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

91.     Defendants are liable to Plaintiff Lantigua in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

92.     Plaintiff Lantigua repeats and realleges all paragraphs above as though fully set forth herein.

93.     Defendants required Plaintiff Lantigua to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

94.     Plaintiff Lantigua was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lantigua respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Lantigua and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Lantigua and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Lantigua's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Lantigua and the FLSA Class members;

(f)    Awarding Plaintiff Lantigua and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiff Lantigua and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Lantigua;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Lantigua;

(j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Lantigua's compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Lantigua;

(l)     Awarding Plaintiff Lantigua damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m)     Awarding Plaintiff Lantigua damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Lantigua liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiff Lantigua and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff Lantigua and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Lantigua demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

August 5, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                      Telephone: (212) 317-1200
New York, New York 10165                                         Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

July 9, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
(Yo, por medio de este documento, doy mi consentimiento para formar parte de la
demanda como uno de los demandantes.)

Name / Nombre:              Julian Antonio Lantigua Caba

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:               Julio 9, 2019

*Certified as a minority-owned business in the State of New York*