# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 E. 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |
| _____ | |

kjohnson@faillacelaw.com

July 27, 2020

**VIA ECF**
Hon. Valerie E. Caproni
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

     RE:  **REVISED MOTION FOR SETTLEMENT APPROVAL**
         <u>Lantigua Caba, et al. v. Elegant Lines of NY Inc., et al.</u>
         Case No.:  1:19-cv-07302-VEC

Your Honorable Judge Caproni:

  This office represents Plaintiff in the above referenced action. Plaintiff Julian Antonia Lantigua Caba and Defendant Haisam Abadi had agreed to a settlement, which was submitted for the Court's approval on July 7, 2020 by letter motion (Dkt. No. 40).

  Soon thereafter, on July 8, 2020, your Honor issue a memo endorsement, denying the motion to approve in that the general release was in violation of <u>Cheeks</u> and inappropriately general (Dkt. No. 41). The Court ordered that the parties submit a revised motion for approval.

  This office attempted to file the revised settlement agreement by letter motion for the Court's approval on July 22, 2020 (Dkt. No. 44). Unbeknownst to counsel, my paralegal erroneously refiled the previous settlement agreement, which was originally submitted to this Court and rejected (Dkt. No. 40, 41). Counsel appreciates the Court extending the benefit of the doubt, as the discrepancy in the language in my previous letter motion and the settlement agreement submitted was purely an issue

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510                                             Telephone: (212) 317-1200
New York, New York 10165                                                  Facsimile: (212) 317-1620
_____

kjohnson@faillacelaw.com

of mistaken filing and not what the document sets forth. My apologies to the Court for the unprofessional mistake and I want to give my assurances this will not be an issue going forward.

Accordingly, and in fulfillment of this Court's order to resubmit by July 27, 2020, below please find the reproduced argument for approval and the corresponding revised settlement agreement and related documents. Plaintiff, jointly with Defendant, resubmits the following:

## BACKGROUND

Plaintiff filed his Complaint against Defendants alleging claims for unpaid overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 et seq., and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195). (See generally ECF No. 1.)

## SETTLEMENT TERMS

Plaintiff alleges that he would be entitled to back wages of approximately $41,000 as his best-case scenario during the when he alleges Haisam Abadi is personally liable. Abadi raised various arguments and defenses against liability, primarily that he was never an owner, manager, or operator of the business where Lantigua-Caba was employed, and therefore cannot be held liable.

Thus, in order to avoid the legal and factual risks of protracted litigation, the parties have agreed to an early settlement of the action as against Abadi for the sum of $27,000.00. This settlement is the result of arm's length negotiation at a Court-annexed mediation, and the result of a mediator's proposal, and further arm's length negotiation between counsels in which both sides were represented by sophisticated counsel with extensive experience in wage-and-hour litigation.

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 E. 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

_____

kjohnson@faillacelaw.com

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Le v. Sita Information Networking Computing USA, Inc., No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982)); see also Kopera v. Home Depot U.S.A., Inc., No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

## **REVISED RELEASE LANGUAGE**

In accordance with the applicable law and the Court's interpretation and Order thereupon, Plaintiff and Defendant mutually revised the settlement agreement. Accordingly, the mutual release language contained in section "6" of the Settlement Agreement was modified to narrow the scope of the claims and/or actions subject to the release and set forth the applicable actions and/or claims with more specificity. The revised language reads as follows:

> 6.      Mutual Release.  In exchange for the Settlement Amount and for other good and valuable consideration, the receipt and sufficiency of which each party acknowledges under counsel and consultation with their respective attorneys, Plaintiff, to the fullest extent possible, on behalf of himself, his heirs, assigns, attorneys, agents and representatives (as applicable and collectively, the "Releasors"), hereby fully, forever, irrevocably, and unconditionally releases and discharges the Defendant, his heirs, predecessors, successors and assigns (the "Releasees"), from claims, demands, actions, disputes, agreements, obligations, controversies, and causes of actions, claims, or actionable matters that were pled or could have been pled in the Action relating to and arising from Plaintiff's wage and hour claims, including but not limited to liabilities in law or in equity, whether such liabilities are known or unknown, including any related attorneys' fees, costs, liquidated damages or punitive damages, against any of the Releasees, based upon any federal, state, or municipal statute or local ordinance relating to Plaintiff's wage and hour claims, the Fair Labor Standards Act (FLSA),the New York Labor Law, the New York Executive Law, The New York City Human

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 E. 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |
| _____ | |

kjohnson@faillacelaw.com

> Rights Law, New York Wage Orders, contract, implied contract, and any other related claims under federal, state or local law, including any claims for liquidated damages, punitive damages, attorneys' fees, or costs, from the beginning of the world to the date of this Agreement, with the exception of a breach by Defendant of this Agreement. The Parties acknowledge that, inasmuch as this Agreement settles a federal court action, the Action, the payments called for in this Agreement shall be deemed to be made under the supervision of the Court. For the same consideration, Defendant forever releases and discharges Plaintiff from all claims, causes of action, debts and liabilities of any kind whatsoever, whether arising from statute, common law or equity, from the beginning of the world to the end of the world, except for a breach by Plaintiff of this Agreement.

The remainder of the settlement agreement remains unchanged. Plaintiff believes the aforesaid language satisfies the Cheeks standard and the Court's order.

## ATTORNEYS' FEES

While the Court has already ruled on the distribution of Attorney's Fees in the amount of $5,500.00, the parties will not belabor the Court with anything further in that matter in this revised letter motion.

## CONCLUSION

In full consideration of the issues presented in both Cheeks and Wolinsky, we believe that the parties' agreement, revised as to the Court's order, is fair and reasonable, and that the settlement should be approved and the case dismissed with prejudice. A stipulation of Final Dismissal will be filed for so-ordering.

We thank the Court for the time and attention devoted to this matter.

Best regards,

*s/s Kevin S. Johnson, Esq.*
Kevin S. Johnson, Esq.

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510　　　　　　　　　　　　　　　　　　　　Telephone: (212) 317-1200
New York, New York 10165　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 317-1620
_____

kjohnson@faillacelaw.com

**CC VIA ECF:**

James Ardran Montgomery
267 Fifth Avenue, Suite 601
New York, NY 10016
(212) 889 – 9828
james@lawjames.com

**ATTACHMENTS**