<u>SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS</u>

This Settlement Agreement and General Release ("Agreement") is made and entered into this 14th day of July , 2020, by and between JULIAN ANTONIO LANTIGUA-CABA ("Plaintiff"), of 1114 College Ave. Apt. 4B, Bronx, NY 10456 and HAISAM I. ABADI ("Defendant"). The signatories to this Agreement will hereinafter sometimes be referred to individually as a "party" and collectively as "the parties."

WHEREAS, Plaintiff has filed litigation in the U.S. District Court for the Southern District of New York, in An action entitled <u>JULIAN ANTONIO LANTIGUA-CABA, *individually and on behalf of others similarly situated* </u> v. <u>ELEGANT LINEN OF NY INC., (d/b/a Bargain Store), HAISAM I. ABADI, and ASHI DOE</u>, bearing Case No. 1:19-cv-07302 (VEC) (hereinafter referred to as the "Action");

WHEREAS, Defendant denies and contests the allegations asserted by Plaintiff in the Action;

WHEREAS, the parties desire to settle fully, permanently and finally all differences between them for any event related to, arising out of, or connected with, Plaintiff's alleged employment by Defendant, and to terminate any and all claims which have been made or could be made by Plaintiff against Defendant, which settlement shall constitute the good faith resolution of all claims and causes of action which may or do exist in favor of one

party against the other; and

WHEREAS, the parties have negotiated and now wish to resolve each of their respective claims and defenses and settle all claims consistent with the terms of this Agreement as set forth below; and

NOW, in consideration of the mutual agreements and releases set forth herein and for additional good and valuable consideration, the receipt and sufficiency of which the parties hereby acknowledge, the parties hereby agree as follows, intending to be legally bound:

1. Payment.  Defendant agrees to make the following payments, and only the following payments, in full and complete satisfaction of all of Plaintiff's claims, whether or not asserted in the Action, whether known or unknown, including claims for liquidated damages, punitive damages, and attorneys' fees and expenses, in the total amount of TWENTY-SEVEN THOUSAND DOLLARS ($27,000.00, being the "Settlement Amount"), payable as follows:  (i) nine thousand dollars ($9,000.00, the "Down payment"), by a good check made payable to Michael Faillace & Associates, P.C. within twenty (20) days of Plaintiff returning this executed Agreement to defense counsel or the Court approving this Agreement, whichever occurs later, and (ii) the balance paid in six (6) equal installments of two thousand five hundred dollars

each ($2,500.00), to be paid monthly thereafter over six (6) months, and final payment of three thousand dollars ($3,000.00) one (1) month later, as aforesaid. Defendant shall provide good post-dated checks following Court approval and full execution of this Agreement, such checks to cover all payments due herein to Plaintiff. The payments shall be allocated so that Plaintiff Lantigua-Caba shall receive a total of $17,542.67, and Plaintiff's attorneys shall receive a total of $9,457.33. Each installment will be allocated proportionally to the above by Plaintiff's attorneys.

2. Stipulation of Dismissal with Prejudice. Plaintiff agrees that the foregoing payments are contingent upon counsel for Defendant, James Montgomery, Esq., PLLC, receiving this Agreement signed by Plaintiff and the Stipulation of Dismissal with Prejudice (hereinafter the "Stipulation," attached as Appendix A), signed by Plaintiff's attorney. The parties agree that no payment will be made until this Agreement and said Stipulation are signed by Plaintiff and Plaintiff's attorney, respectively, and returned to James Montgomery, Esq., PLLC, and the Court has approved this Agreement, and Plaintiff has not revoked this Agreement. Other than as specifically set forth herein, the parties shall bear their own attorneys' fees and costs.

3. <u>Sole Payment</u>. With respect to the settlement of the Action and all claims, Plaintiff acknowledges and agrees that he is not entitled to any payments from the Defendant apart from those set forth herein. Plaintiff shall not seek, request or claim entitlement to any payments from Defendant apart from those set forth herein.

4. <u>Default</u>. In the event Defendant defaults in making any portion of the Settlement Amount to Plaintiff in accordance with this Agreement on the date that such payment is due, then Plaintiff shall deliver to Defendant a written notice of default ("<u>Notice of Default</u>") in accordance with Paragraph 16 hereof. Defendant then shall have ten (10) days to cure the default, following delivery of written notice. Defendant can cure the default only by paying the entire amount then due, whether it be the Down payment or any Installment Payment.

5. <u>Acceleration</u>. If Defendant fails to cure any default in payment within ten (10) business days of receiving Notice of Default in accordance with Paragraph 16, then Plaintiff shall be automatically entitled to the entire Settlement Amount, less any sums already paid, plus costs, disbursements, interest as allowed by law, and reasonable attorney's fees incurred by Plaintiff in collecting the amount due. In the event that Defendant defaults in

payment, and does not cure the same, then the entire unpaid balance of the Settlement Amount shall be accelerated and become immediately due and payable to Plaintiff.

6. <u>Mutual Release</u>.  In exchange for the Settlement Amount and for other good and valuable consideration, the receipt and sufficiency of which each party acknowledges under counsel and consultation with their respective attorneys, Plaintiff, to the fullest extent possible, on behalf of himself, his heirs, assigns, attorneys, agents and representatives (as applicable and collectively, the "Releasors"), hereby fully, forever, irrevocably, and unconditionally releases and discharges the Defendant, his heirs, predecessors, successors and assigns (the "Releasees"), from claims, demands, actions, disputes, agreements, obligations, controversies, and causes of actions, claims, or actionable matters that were pled or could have been pled in the Action relating to and arising from Plaintiff's wage and hour claims, including but not limited to liabilities in law or in equity, whether such liabilities are known or unknown, including any related attorneys' fees, costs, liquidated damages or punitive damages, against any of the Releasees, based upon any federal, state, or municipal statute or local ordinance relating to Plaintiff's wage and hour claims, the Fair

Labor Standards Act (FLSA),the New York Labor Law, the New York Executive Law, The New York City Human Rights Law, New York Wage Orders, contract, implied contract, and any other related claims under federal, state or local law, including any claims for liquidated damages, punitive damages, attorneys' fees, or costs, from the beginning of the world to the date of this Agreement, with the exception of a breach by Defendant of this Agreement. The Parties acknowledge that, inasmuch as this Agreement settles a federal court action, the Action, the payments called for in this Agreement shall be deemed to be made under the supervision of the Court. For the same consideration, Defendant forever releases and discharges Plaintiff from all claims, causes of action, debts and liabilities of any kind whatsoever, whether arising from statute, common law or equity, from the beginning of the world to the end of the world, except for a breach by Plaintiff of this Agreement.

7. <u>No other claims</u>.  Plaintiff represents that other than the Action, he has not filed any other action, charge, or complaint against the Defendant in any court or with any government agency.  Plaintiff also agrees that to the maximum extent permitted by law he will not in the future bring, or be a party to, any lawsuit, action, charge or

claim related to his employment or alleged employment by or with the Defendant, and that he will be ineligible to recover any money in any individual, class or collective action, or any action prosecuted by a government agency, against the Defendant, or in which the Defendant is a party.

8. <u>Indemnity Regarding Assignment of Claims</u>.    Plaintiff represents and warrants that he has not heretofore assigned or transferred, or purported to assign or transfer, to any person, entity, or individual whatsoever, any of the claims released as set forth in this Agreement.   Plaintiff agrees to indemnify and hold harmless the Defendant and/or any Releasee, against any claim, demand, debt, obligation, liability, cost, expense, right of action or cause of action based on, arising out of, or in connection with any such assignment or transfer.

9. <u>Entire Agreement</u>.   This Agreement constitutes and contains the entire agreement and understanding concerning the Action and all other matters addressed herein between the parties, and supersedes and replaces all prior negotiations, notices, and all prior agreements proposed or otherwise, whether written or oral, concerning the subject matter hereof.   This Agreement shall govern in the event of any inconsistency between this Agreement and any such prior

negotiations, notices, agreements, or written or oral communications. Any modification(s) to this Agreement must be made in a writing signed by both the respective parties hereto and/or their respective authorized representatives.

10.    Severability.  In the event that any provision of this Agreement shall for any reason be held to be illegal or unenforceable, this Agreement shall be revised only to the extent necessary to ensure that it is legal and enforceable.

11.    Knowing Execution. The parties acknowledge that they have read the foregoing Agreement, understand its contents, and accept and agree to the provisions it contains and hereby execute it voluntarily and knowingly and with full understanding of its consequences.

12.    Governing Law, Jurisdiction, and Venue.  This Agreement shall be governed by and subject to the laws of the State of New York. The parties agree to submit to the personal jurisdiction of the courts of the City or State of New York, County of New York, for the purposes of enforcing this Agreement, should the same be necessary.  The parties consent to the United States District Court for the Southern District of New York continuing to exercise jurisdiction over the enforcement of this Agreement.

13.    Dismissal of the Action with Prejudice.  The parties

agree that the Action will be dismissed with prejudice and that each party will bear its own attorneys' fees and costs, except as set forth herein.  The parties authorize and direct their respective counsel to execute and file the stipulation of dismissal with prejudice to this effect attached hereto as Appendix A.

14.    No Admission. This Agreement shall not be interpreted as an admission of liability.  Defendant denies any and all liability, but enters into this Agreement solely to avoid the expense and burden of litigation.

15.    Representation and Review.  All parties were represented by counsel during the Action.  Both parties were afforded sufficient time to review this Agreement before signing it.  In interpreting this Agreement, it shall be treated as the joint drafting product of both parties, following full review by counsel and the parties.

16.    Notices.  Any notices given under this Agreement shall be in writing, sent via overnight delivery and e-mail to counsel for Plaintiff, Kevin S. Johnson, Esq., and via overnight delivery and e-mail to counsel for Defendant, James Montgomery, Esq., as the case may be.

a.    If to the Defendant:

       James Montgomery, Esq.
       James Montgomery PLLC
       267 Fifth Avenue, Suite SB-100
       New York, NY 10016

Email: james@lawjames.com

b.  If to the Plaintiff:

Kevin S. Johnson, Esq.
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, NY 10165
Email: kjohnson@faillacelaw.com

17.  Counterparts.  This  Agreement  may  be  executed  in
counterparts  and  original  signatures  transmitted  as  PDFs
shall be deemed originals.

PLEASE READ THIS AGREEMENT CAREFULLY BECAUSE IT
INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS.

ACCEPTED AND AGREED ON THE DATE GIVEN ON PAGE 1 ABOVE:

SIGNATURES FOLLOW ON THE NEXT PAGE:

_____

JULIAN ANTONIO LANTIGUA-CABA, Plaintiff

STATE OF NEW YORK        )
                         )    SS.:
COUNTY OF _____   )


On this _____ day of _____, 2020, before me personally came JULIAN ANTONIO LANTIGUA-CABA to me known to be the person who executed the foregoing instrument, or proved to be by satisfactory evidence of identity, and who being duly sworn by me, did depose that he was the aforesaid individual and that he executed the foregoing instrument in his capacity.



_____
        Notary Public

_____
HAISAM I. ABADI, Defendant

STATE OF NEW YORK        )
                         )    SS.:
COUNTY OF QUEENS         )

On this 21st day of JULY , 2020, before me personally came HAISAM I. ABADI to me known to be the person who executed the foregoing instrument, or proved to be by satisfactory evidence of identity, and who being duly sworn by me, did depose that he was the aforesaid individual and that he executed the foregoing instrument in his capacity.

_____
Notary Public

JAMES ARDRAN MONTGOMERY
Notary Public, State of New York
No. 02MO6053136
Qualified in Queens County
Commission Expires, Jan. 22, 20 23