# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510  
New York, New York 10165  
_____

kjohnson@faillacelaw.com

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

USDC SDNY  
DOCUMENT  
ELECTRONICALLY FILED  
DOC #:_____  
DATE FILED: _07/27/2020_

July 27, 2020

**MEMO ENDORSED**

**VIA ECF**  
Hon. Valerie E. Caproni  
Thurgood Marshall United States Courthouse  
40 Foley Square  
New York, New York 10007

        RE:    **REVISED MOTION FOR SETTLEMENT APPROVAL**  
                <u>Lantigua Caba, et al. v. Elegant Lines of NY Inc., et al.</u>  
                Case No.: 1:19-cv-07302-VEC

Your Honorable Judge Caproni:

    This office represents Plaintiff in the above referenced action. Plaintiff Julian Antonia Lantigua Caba and Defendant Haisam Abadi had agreed to a settlement, which was submitted for the Court's approval on July 7, 2020 by letter motion (Dkt. No. 40).

    Soon thereafter, on July 8, 2020, your Honor issue a memo endorsement, denying the motion to approve in that the general release was in violation of <u>Cheeks</u> and inappropriately general (Dkt. No. 41). The Court ordered that the parties submit a revised motion for approval.

    This office attempted to file the revised settlement agreement by letter motion for the Court's approval on July 22, 2020 (Dkt. No. 44). Unbeknownst to counsel, my paralegal erroneously refiled the previous settlement agreement, which was originally submitted to this Court and rejected (Dkt. No. 40, 41). Counsel appreciates the Court extending the benefit of the doubt, as the discrepancy in the language in my previous letter motion and the settlement agreement submitted was purely an issue

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510  Telephone: (212) 317-1200
New York, New York 10165  Facsimile: (212) 317-1620
_____

kjohnson@faillacelaw.com

of mistaken filing and not what the document sets forth. My apologies to the Court for the unprofessional mistake and I want to give my assurances this will not be an issue going forward.

Accordingly, and in fulfillment of this Court's order to resubmit by July 27, 2020, below please find the reproduced argument for approval and the corresponding revised settlement agreement and related documents. Plaintiff, jointly with Defendant, resubmits the following:

## BACKGROUND

Plaintiff filed his Complaint against Defendants alleging claims for unpaid overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 et seq., and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195). (See generally ECF No. 1.)

## SETTLEMENT TERMS

Plaintiff alleges that he would be entitled to back wages of approximately $41,000 as his best-case scenario during the when he alleges Haisam Abadi is personally liable. Abadi raised various arguments and defenses against liability, primarily that he was never an owner, manager, or operator of the business where Lantigua-Caba was employed, and therefore cannot be held liable.

Thus, in order to avoid the legal and factual risks of protracted litigation, the parties have agreed to an early settlement of the action as against Abadi for the sum of $27,000.00. This settlement is the result of arm's length negotiation at a Court-annexed mediation, and the result of a mediator's proposal, and further arm's length negotiation between counsels in which both sides were represented by sophisticated counsel with extensive experience in wage-and-hour litigation.

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510                          Telephone: (212) 317-1200
New York, New York 10165                                   Facsimile: (212) 317-1620
_____

kjohnson@faillacelaw.com

      A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" <u>Le v. Sita Information Networking Computing USA, Inc.,</u> No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1354 (11th Cir. 1982)); see also <u>Kopera v. Home Depot U.S.A., Inc.,</u> No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

## **REVISED RELEASE LANGUAGE**

      In accordance with the applicable law and the Court's interpretation and Order thereupon, Plaintiff and Defendant mutually revised the settlement agreement. Accordingly, the mutual release language contained in section "6" of the Settlement Agreement was modified to narrow the scope of the claims and/or actions subject to the release and set forth the applicable actions and/or claims with more specificity. The revised language reads as follows:

> 6.     <u>Mutual Release</u>. In exchange for the Settlement Amount and for other good and valuable consideration, the receipt and sufficiency of which each party acknowledges under counsel and consultation with their respective attorneys, Plaintiff, to the fullest extent possible, on behalf of himself, his heirs, assigns, attorneys, agents and representatives (as applicable and collectively, the "Releasors"), hereby fully, forever, irrevocably, and unconditionally releases and discharges the Defendant, his heirs, predecessors, successors and assigns (the "Releasees"), from claims, demands, actions, disputes, agreements, obligations, controversies, and causes of actions, claims, or actionable matters that were pled or could have been pled in the Action relating to and arising from Plaintiff's wage and hour claims, including but not limited to liabilities in law or in equity, whether such liabilities are known or unknown, including any related attorneys' fees, costs, liquidated damages or punitive damages, against any of the Releasees, based upon any federal, state, or municipal statute or local ordinance relating to Plaintiff's wage and hour claims, the Fair Labor Standards Act (FLSA),the New York Labor Law, the New York Executive Law, The New York City Human

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510                                                    Telephone: (212) 317-1200
New York, New York 10165                                                    Facsimile: (212) 317-1620
_____

kjohnson@faillacelaw.com

> Rights Law, New York Wage Orders, contract, implied contract, and any other related claims under federal, state or local law, including any claims for liquidated damages, punitive damages, attorneys' fees, or costs, from the beginning of the world to the date of this Agreement, with the exception of a breach by Defendant of this Agreement. The Parties acknowledge that, inasmuch as this Agreement settles a federal court action, the Action, the payments called for in this Agreement shall be deemed to be made under the supervision of the Court. For the same consideration, Defendant forever releases and discharges Plaintiff from all claims, causes of action, debts and liabilities of any kind whatsoever, whether arising from statute, common law or equity, from the beginning of the world to the end of the world, except for a breach by Plaintiff of this Agreement.

The remainder of the settlement agreement remains unchanged. Plaintiff believes the aforesaid language satisfies the <u>Cheeks</u> standard and the Court's order.

## ATTORNEYS' FEES

While the Court has already ruled on the distribution of Attorney's Fees in the amount of $5,500.00, the parties will not belabor the Court with anything further in that matter in this revised letter motion.

## CONCLUSION

In full consideration of the issues presented in both Cheeks and Wolinsky, we believe that the parties' agreement, revised as to the Court's order, is fair and reasonable, and that the settlement should be approved and the case dismissed with prejudice. A stipulation of Final Dismissal will be filed for so-ordering.

We thank the Court for the time and attention devoted to this matter.

Best regards,

*s/s Kevin S. Johnson, Esq.*
Kevin S. Johnson, Esq.

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510　　　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 317-1200
New York, New York 10165　　　　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 317-1620
_____

kjohnson@faillacelaw.com


**CC VIA ECF:**

James Ardran Montgomery
267 Fifth Avenue, Suite 601
New York, NY 10016
(212) 889 – 9828
james@lawjames.com

**ATTACHMENTS**

SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Settlement Agreement and General Release ("Agreement") is made and entered into this 14 day of JULY, 2020, by and between JULIAN ANTONIO LANTIGUA-CABA ("Plaintiff"), of 1114 College Ave. Apt. 4B, Bronx, NY 10456 and HAISAM I. ABADI ("Defendant"). The signatories to this Agreement will hereinafter sometimes be referred to individually as a "party" and collectively as "the parties."

WHEREAS, Plaintiff has filed litigation in the U.S. District Court for the Southern District of New York, in An action entitled JULIAN ANTONIO LANTIGUA-CABA, *individually and on behalf of others similarly situated* v. ELEGANT LINEN OF NY INC., (d/b/a Bargain Store), HAISAM I. ABADI, and ASHI DOE, bearing Case No. 1:19-cv-07302 (VEC) (hereinafter referred to as the "Action");

WHEREAS, Defendant denies and contests the allegations asserted by Plaintiff in the Action;

WHEREAS, the parties desire to settle fully, permanently and finally all differences between them for any event related to, arising out of, or connected with, Plaintiff's alleged employment by Defendant, and to terminate any and all claims which have been made or could be made by Plaintiff against Defendant, which settlement shall constitute the good faith resolution of all claims and causes of action which may or do exist in favor of one party against the other; and

WHEREAS, the parties have negotiated and now wish to resolve each of their respective claims and defenses and settle all claims consistent with the terms of this Agreement as set forth below; and

NOW, in consideration of the mutual agreements and releases set forth herein and for additional good and valuable consideration, the receipt and sufficiency of which the parties hereby acknowledge, the parties hereby agree as follows, intending to be legally bound:

1. Payment. Defendant agrees to make the following payments, and only the following payments, in full and complete satisfaction of all of Plaintiff's claims, whether or not asserted in the Action, whether known or unknown, including claims for liquidated damages, punitive damages, and attorneys' fees and expenses, in the total amount of TWENTY-SEVEN THOUSAND DOLLARS ($27,000.00, being the "Settlement Amount"), payable as follows: (i) nine thousand dollars ($9,000.00, the "Down payment"), by a good check made payable to Michael Faillace & Associates, P.C. within twenty (20) days of Plaintiff returning this executed Agreement to defense counsel or the Court approving this Agreement, whichever occurs later, and (ii) the balance paid in six (6) equal installments of two thousand five hundred dollars each ($2,500.00), to be paid monthly thereafter over six (6) months, and final payment of three thousand dollars ($3,000.00) one (1) month later, as

aforesaid. Defendant shall provide good post-dated checks following Court approval and full execution of this Agreement, such checks to cover all payments due herein to Plaintiff. The payments shall be allocated so that Plaintiff Lantigua-Caba shall receive a total of $17,542.67, and Plaintiff's attorneys shall receive a total of $9,457.33. Each installment will be allocated proportionally to the above by Plaintiff's attorneys.

2. <u>Stipulation of Dismissal with Prejudice</u>. Plaintiff agrees that the foregoing payments are contingent upon counsel for Defendant, James Montgomery, Esq., PLLC, receiving this Agreement signed by Plaintiff and the Stipulation of Dismissal with Prejudice (hereinafter the "Stipulation," attached as Appendix A), signed by Plaintiff's attorney. The parties agree that no payment will be made until this Agreement and said Stipulation are signed by Plaintiff and Plaintiff's attorney, respectively, and returned to James Montgomery, Esq., PLLC, and the Court has approved this Agreement, and Plaintiff has not revoked this Agreement. Other than as specifically set forth herein, the parties shall bear their own attorneys' fees and costs.

3. <u>Sole Payment</u>. With respect to the settlement of the Action and all claims, Plaintiff acknowledges and agrees that he is not entitled to any payments from the Defendant apart from those

set forth herein. Plaintiff shall not seek, request or claim entitlement to any payments from Defendant apart from those set forth herein.

4. <u>Default</u>. In the event Defendant defaults in making any portion of the Settlement Amount to Plaintiff in accordance with this Agreement on the date that such payment is due, then Plaintiff shall deliver to Defendant a written notice of default ("<u>Notice of Default</u>") in accordance with Paragraph 16 hereof. Defendant then shall have ten (10) days to cure the default, following delivery of written notice. Defendant can cure the default only by paying the entire amount then due, whether it be the Down payment or any Installment Payment.

5. <u>Acceleration</u>. If Defendant fails to cure any default in payment within ten (10) business days of receiving Notice of Default in accordance with Paragraph 16, then Plaintiff shall be automatically entitled to the entire Settlement Amount, less any sums already paid, plus costs, disbursements, interest as allowed by law, and reasonable attorney's fees incurred by Plaintiff in collecting the amount due. In the event that Defendant defaults in payment, and does not cure the same, then the entire unpaid balance of the Settlement Amount shall be accelerated and become immediately due and payable to Plaintiff.

6. <u>Mutual Release</u>. In exchange for the Settlement Amount and

for other good and valuable consideration, the receipt and sufficiency of which each party acknowledges under counsel and consultation with their respective attorneys, Plaintiff, to the fullest extent possible, on behalf of himself, his heirs, assigns, attorneys, agents and representatives (as applicable and collectively, the "Releasors"), hereby fully, forever, irrevocably, and unconditionally releases and discharges the Defendant, his heirs, predecessors, successors and assigns (the "Releasees"), from claims, demands, actions, disputes, agreements, obligations, controversies, and causes of actions, claims, or actionable matters that were pled or could have been pled in the Action relating to and arising from Plaintiff's wage and hour claims, including but not limited to liabilities in law or in equity, whether such liabilities are known or unknown, including any related attorneys' fees, costs, liquidated damages or punitive damages, against any of the Releasees, based upon any federal, state, or municipal statute or local ordinance relating to Plaintiff's wage and hour claims, the Fair Labor Standards Act (FLSA), the New York Labor Law, the New York Executive Law, The New York City Human Rights Law, New York Wage Orders, contract, implied contract, and any other related claims under federal, state or local law, including any claims for liquidated damages, punitive damages, attorneys' fees, or

costs, from the beginning of the world to the date of this Agreement, with the exception of a breach by Defendant of this Agreement. The Parties acknowledge that, inasmuch as this Agreement settles a federal court action, the Action, the payments called for in this Agreement shall be deemed to be made under the supervision of the Court. For the same consideration, Defendant forever releases and discharges Plaintiff from all claims, causes of action, debts and liabilities of any kind whatsoever, whether arising from statute, common law or equity, from the beginning of the world to the end of the world, except for a breach by Plaintiff of this Agreement.

7. <u>No other claims</u>. Plaintiff represents that other than the Action, he has not filed any other action, charge, or complaint against the Defendant in any court or with any government agency. Plaintiff also agrees that to the maximum extent permitted by law he will not in the future bring, or be a party to, any lawsuit, action, charge or claim related to his employment or alleged employment by or with the Defendant, and that he will be ineligible to recover any money in any individual, class or collective action, or any action prosecuted by a government agency, against the Defendant, or in which the Defendant is a party.

8. <u>Indemnity Regarding Assignment of Claims</u>. Plaintiff

represents and warrants that he has not heretofore assigned or transferred, or purported to assign or transfer, to any person, entity, or individual whatsoever, any of the claims released as set forth in this Agreement. Plaintiff agrees to indemnify and hold harmless the Defendant and/or any Releasee, against any claim, demand, debt, obligation, liability, cost, expense, right of action or cause of action based on, arising out of, or in connection with any such assignment or transfer.

9. <u>Entire Agreement</u>. This Agreement constitutes and contains the entire agreement and understanding concerning the Action and all other matters addressed herein between the parties, and supersedes and replaces all prior negotiations, notices, and all prior agreements proposed or otherwise, whether written or oral, concerning the subject matter hereof. This Agreement shall govern in the event of any inconsistency between this Agreement and any such prior negotiations, notices, agreements, or written or oral communications. Any modification(s) to this Agreement must be made in a writing signed by both the respective parties hereto and/or their respective authorized representatives.

10. <u>Severability</u>. In the event that any provision of this Agreement shall for any reason be held to be illegal or unenforceable, this Agreement shall be revised only to the

extent necessary to ensure that it is legal and enforceable.

11. <u>Knowing Execution</u>. The parties acknowledge that they have read the foregoing Agreement, understand its contents, and accept and agree to the provisions it contains and hereby execute it voluntarily and knowingly and with full understanding of its consequences.

12. <u>Governing Law, Jurisdiction, and Venue</u>. This Agreement shall be governed by and subject to the laws of the State of New York. The parties agree to submit to the personal jurisdiction of the courts of the City or State of New York, County of New York, for the purposes of enforcing this Agreement, should the same be necessary. The parties consent to the United States District Court for the Southern District of New York continuing to exercise jurisdiction over the enforcement of this Agreement.

13. <u>Dismissal of the Action with Prejudice</u>. The parties agree that the Action will be dismissed with prejudice and that each party will bear its own attorneys' fees and costs, except as set forth herein. The parties authorize and direct their respective counsel to execute and file the stipulation of dismissal with prejudice to this effect attached hereto as Appendix A.

14. <u>No Admission</u>. This Agreement shall not be interpreted as an admission of liability. Defendant denies any and all

liability, but enters into this Agreement solely to avoid the expense and burden of litigation.

15. <u>Representation and Review</u>. All parties were represented by counsel during the Action. Both parties were afforded sufficient time to review this Agreement before signing it. In interpreting this Agreement, it shall be treated as the joint drafting product of both parties, following full review by counsel and the parties.

16. <u>Notices</u>. Any notices given under this Agreement shall be in writing, sent via overnight delivery and e-mail to counsel for Plaintiff, Kevin S. Johnson, Esq., and via overnight delivery and e-mail to counsel for Defendant, James Montgomery, Esq., as the case may be.

   a. If to the Defendant:

   James Montgomery, Esq.
   James Montgomery PLLC
   267 Fifth Avenue, Suite SB-100
   New York, NY 10016
   Email: james@lawjames.com

   b. If to the Plaintiff:

   Kevin S. Johnson, Esq.
   Michael Faillace & Associates, P.C.
   60 East 42nd Street, Suite 4510
   New York, NY 10165
   Email: jandrophy@faillacelaw.com

17. <u>Counterparts</u>. This Agreement may be executed in counterparts and original signatures transmitted as PDFs shall be deemed originals.

PLEASE READ THIS AGREEMENT CAREFULLY BECAUSE IT INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS.

ACCEPTED AND AGREED ON THE DATE GIVEN ON PAGE 1 ABOVE:

SIGNATURES FOLLOW ON THE NEXT PAGE:

_____
JULIAN ANTONIO LANTIGUA-CABA, Plaintiff

STATE OF NEW YORK        )
                         )   SS.:
COUNTY OF NEW YORK       )

On this __14__ day of __JULY__, 2020, before me personally came JULIAN ANTONIO LANTIGUA-CABA to me known to be the person who executed the foregoing instrument, or proved to be by satisfactory evidence of identity, and who being duly sworn by me, did depose that he was the aforesaid individual and that he executed the foregoing instrument in his capacity.

_____
Notary Public

MICHAEL FAILLACE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6120___
Qualified in New York County
My Commission Expires January 03, 20__

_____
HAISAM I. ABADI, Defendant

STATE OF NEW YORK        )
                         )   SS.:
COUNTY OF NEW YORK       )

On this _____ day of _____, 2020, before me personally came HAISAM I. ABADI to me known to be the

person who executed the foregoing instrument, or proved to be by satisfactory evidence of identity, and who being duly sworn by me, did depose that he was the aforesaid individual and that he executed the foregoing instrument in his capacity.

_____
            Notary Public

_____
HAISAM I. ABADI, Defendant

STATE OF NEW YORK    )
                     ) SS.:
COUNTY OF QUEENS     )

On this 21st day of JULY, 2020, before me personally came HAISAM I. ABADI to me known to be the person who executed the foregoing instrument, or proved to be by satisfactory evidence of identity, and who being duly sworn by me, did depose that he was the aforesaid individual and that he executed the foregoing instrument in his capacity.

_____
Notary Public

JAMES ARDRAN MONTGOMERY
Notary Public, State of New York
No. 02MO6053136
Qualified in Queens County
Commission Expires, Jan. 22, 2023

**RIDER TO SETTLEMENT AGREEMENT**

This Rider is an amendment and supplement to the Settlement Agreement ("Agreement") entered into on or about July 21, 2020, by and between JULIAN ANTONIO LANITGUA-CABA ("Plaintiff") and HAISAM I. ABADI ("Defendant") (collectively "Parties") in resolution of the pending litigation in the U.S. District Court for the Southern District of New York, in an action entitled JULIAN ANTONIO LANTIGUA-CABA, *individually and on behalf of other similarly situated,* v. ELEGANT LINEN OF NY INC., (d/b/a BARGAIN STORE), HAISAM I. ABADI, and ASHI DOE, Case No. 1:19-cv-07302 (VEC) (hereinafter "Action").

**MODIFICATION:**

This rider in no way alters, modifies, renegotiates, rescinds, overrides, or otherwise changes the position of the Parties vis à vis the Agreement, except and exclusively, as follows:

Plaintiff, by counsel, agrees that the "Down Payment" of nine thousand dollars ($9,000.00) "by a good check made payable to Michael Faillace & Associates, P.C. within twenty (20) days of Plaintiff returning [the]executed Agreement to defense counsel or the Court approving this Agreement, whichever occurs later, . . . ." [**See Agreement para 1(i)**] is hereby modified such that the "Down Payment" of nine thousand dollars ($9,000.00), is hereby **due and payable by good check made payable to Michael Faillace & Associates, P.C., within ninety (90) days of Plaintiff's signature and this Rider (by counsel), or approval by the Court, whichever occurs later**.

**REMAINING PAYMENTS:**

This Rider in no way alters, modifies, renegotiates, rescinds, overrides, or otherwise changes the position of the Parties vis a vi the terms in the Agreement related to continued and final payments from Defendant to Plaintiff for the total settlement contemplated in the Agreement. Defendant, through counsel, understands that the remaining payment schedule is unmodified except as provided above, that payments are due and owing in the time frames outlined in the Agreement, and the all

penalties, as contemplated in the Agreement and available at law, are still applicable in the event of default by Defendant.

**ENTIRE AGREEMENT:**

This Rider constitutes and contains the only alteration, modification, renegotiation, rescinding, overriding, or other change to the aforesaid Agreement. Any modification to this rider or the Agreement, if any, must be made in writing signed by both Parties hereto and/or their respective Attorneys and as otherwise governed by the terms of the Agreement.

**Dated:   New York, New York**
**         July 21, 2020**

| PLAINTIFF: | DEFENDANT: |
|---|---|
| **JULIAN ANTONIO LANITIGUA-CABA** | **HAISAM I. ABADI** |
| *s/s Kevin S. Johnson, Esq.* | *s/s James Montgomery* |
| By:  Kevin S. Johnson, Esq. | By:  James Montgomery, Esq. |
| MICHAEL FAILLACE & ASSOCIATES, P.C. | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | 267 Fifth Avenue, Ste. SB-100 |
| 60 East 42nd St., #4510 | New York, New York 10016 |
| New York, New York 10065 | (646) 509 – 1852 |
| (212) 317 – 1200 (office) | james@lawjames.com |
| (704) 258 – 5546 (cell) | |
| kjohnson@faillacelaw.com | |

The parties having resolved all of the Court's concerns about the fairness of the settlement agreement, the agreement is hereby approved as fair and reasonable. The Clerk of Court is respectfully directed to terminate all motions and deadlines and close the case.

SO ORDERED.        Date: 07/27/2020

*[signature: Valerie Caproni]*

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE